IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI, OXFORD DIVISION

KENNY MARCELL EWING and wife,
MILDRED EWING, PLAINTIFFS

V. CAUSE NO. 3:17-CV-026-MPM-RP

ITAWAMBA COUNTY, MISSISSIPPI;
CHRIS DICKINSON, individually; and
DEFENDANTS 1 through 10, all of whose
names are presently unknown, individually, DEFENDANTS

JURY TRIAL DEMANDED

**COMPLAINT**

COMES NOW the Plaintiffs, Kenny Marcell Ewing and wife, Mildred Ewing and for their cause of action say as follows:

## I. JURISDICTION

1. Jurisdiction of this Court is proper pursuant to 28 U.S.C. 1331 and 1343. Venue is proper and appropriate under 28 U.S.C. 1391 as the events and/or omissions giving rise to Plaintiffs' claims occurred within this judicial district.

## II. PARTIES

2. Plaintiffs are husband and wife and are adult resident citizens of Itawamba County, Mississippi.

3. Defendant Itawamba County, Mississippi is a duly organized county of the State of Mississippi. The County may be served with process through service upon Hon. Michelle Clouse, Chancery Court Clerk and Clerk for the Board of Supervisors.

4. Defendant Chris Dickinson is the sheriff of Itawamba County, Mississippi and is being sued in his individual capacity.

5. Defendants 1 through 10 all of whose names are presently unknown but will be substituted by amendment when ascertained, are individuals who were, or purported to be, deputy sheriffs of Itawamba County, Mississippi and who participated the incident which forms the basis of this lawsuit.

## III. FACTS

6. On or about July 27, 2016, Kenny and Mildred Ewing were at their home located at 1050 Collier Road, Golden, Mississippi. The Ewings were not engaged in any unlawful activity. Kenny Ewing was in the yard. Mildred Ewing was in the house. Sheriff Chris Dickinson and Defendants 1-10 came upon the Ewing property and without any explanation advanced on Kenny Ewing with guns pointed at him. The Defendants told Mr. Ewing to get on the ground. They struck and hit Mr. Ewing several times and handcuffed him.

7. Some of the Defendants then entered into the Ewing residence without knocking or making any announcement. Once inside, with guns drawn, these Defendants went into the bathroom where Mildred Ewing was undressed and preparing to take a bath. The Defendants pointed their weapons at her and without identifying themselves or giving any explanation ordered her to get down on the floor. After a period of time she was made to dress in the

presence of the Defendants and was handcuffed and taken out of the house. Some of the Defendants then searched the Ewing residence.

8. After the home had been searched, Sheriff Dickinson said that he had a warrant for Kenny Anthony Ewing at 1050 Collier Road. One of the Defendants showed Mildred Ewing a search warrant which purported to authorize a search of "1050 Collier Road, Itawamba County, MS The residence of Kenny Anthony Ewing". Kenny Anthony Ewing, who goes by "Anthony", is the Ewings' adult son who resided at a separate property owned by the Ewings and located at 1170 Collier Road. The search warrant purported to authorize a search for "Any items used in connection with the crimes of the murder, the assault and any other crime against Sharon Rose Johnson." Neither the Ewings, nor their residence had any connection with that alleged crime or with any crime committed by Anthony Ewing.

9. After the search of the residence was completed it was apparent that neither Anthony Ewing, nor any items described in the search warrant, nor any other evidence was located at the Ewing residence. However, the Ewings were still handcuffed and detained by Defendants. Kenny Ewing asked to see a doctor. That request was refused. Eventually paramedics were called. The Ewings were held in the custody of Defendants for several hours after the search before finally being released.

10. Upon information and belief, Defendants Itawamba County and Dickinson failed to have in place adequate and non-ambiguous policies, training and/or supervision relating to the proper manner in which to obtain a valid search warrant, the proper manner to conduct a reasonable search or investigation, and the appropriate use of force to be utilized against law abiding individuals during a search under circumstances such as those existing during the

incident in question. Upon information and belief, the lack of such adequate policies, training and/or supervision caused or contributed to some or all of the actions taken by Defendants 1-10.

## IV. DAMAGES

11. As a direct and proximate result of the actions and omissions of all Defendants, Plaintiffs have suffered damages including, but not limited to, medical bills, physical injuries, pain and suffering, and past, present, and future mental anguish and anxiety humiliation and fear.

## V. FEDERAL CLAIMS

### COUNT ONE: FOURTH AMENDMENT CLAIM FOR INFLICTION OF UNNECESSARY AND EXCESSIVE FORCE

12. Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

13. Defendants Dickinson and 1-10 in their individual capacities and under color of state law and with callous disregard and/or malicious intent, violated Plaintiffs' well-established right to be free from the use of unnecessary and excessive force pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution, by illegally using unnecessarily, excessive and unwarranted force on the Ewings, and threatening them with deadly force, and by arresting and detaining the Ewings when they posed no physical threat, were in no way resisting arrest, and were not in violation of any law.

### COUNT TWO: FOURTH AMENDMENT CLAIM FOR UNLAWFUL ARREST

14. Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

15. Defendants Dickinson and 1-10 in their individual capacities and under color of state law and with callous disregard and/or malicious intent, violated Plaintiffs' well-established right to liberty pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution, by illegally using unnecessarily, unlawfully, willfully, and maliciously arresting an detaining the Ewings without probable cause to do so, and when the Ewings posed no physical threat and were not in violation of any law.

## COUNT THREE: FOURTH AMENDMENT CLAIM FOR UNREASONABLE AND UNLAWFUL SEARCH

16. Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

17. Defendants Dickinson and 1-10 in their individual capacities and under color of state law and with callous disregard and/or malicious intent, violated Plaintiffs' well-established right to be secure in their persons, house, papers, and effects against unreasonable searches and seizures pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution.

## COUNT FOUR: FOURTEENTH AMENDMENT CLAIM FOR VIOLATION OF SUBSTANTIVE DUE PROCESS

18. Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

19. Defendants Dickinson and 1-10 in their individual capacities and under color of state law and with callous disregard and/or malicious intent, violated Plaintiffs' right to substantive due process pursuant to 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution.

COUNT FIVE: FOURTH AMENDMENT CLAIM FOR LACK OF POLICIES, TRAINING AND SUPERVISION AMOUNTING TO DELIBERATE INDIFFERENCE

20. Defendants Itawamba County, and Sheriff Dickinson failed to provide Defendants 1-10 and other deputies/employees with adequate supervision and/or training and failed to enact or adopt, consistent and unambiguous policies relating to reasonable search or investigation and the appropriate use of force and/or failed to adequately train or instruct Defendants 1-10 concerning such policies and/or failed to adequately enforce such policies or to adequately supervise those individuals carrying out the duties of a deputy sheriff of Itawamba County. Such failure constitutes deliberate indifference to the known and/or obvious needs for proper supervision, training, enactment, or enforcement of adequate policies and the likely harm to members of the public as a result.

21. At all times relevant to this lawsuit, Defendants Itawamba County and Sheriff Dickinson had in place written or unwritten policies, practices, and/or customs which encouraged, enabled and./or allowed the county's deputies/employees to act with deliberate indifference to the constitutional rights of individuals.

22. Pursuant to 42 U.S.C. and the Fourth Amendment to the United States Constitution, all Defendants are jointly and severally liable for the violation of the civil and constitutional rights of the Ewings.

## VI. STATE CLAIMS

COUNT SIX: STATE CONSTITUTIONAL CLAIMS

23. Plaintiffs incorporate herein all previous paragraphs of the Complaint.

24. The actions and/or omissions of the Defendants constituted violation of Plaintiffs' rights to due process under the law, freedom from unreasonable search and seizure of their

persons and property, and protection against cruel or unusual punishment pursuant to Article 3, Sections 14, 23 and 28 of the Mississippi Constitution.

COUNT SEVEN: MISSISSIPPI TORTS CLAIM ACT

25. Plaintiffs incorporate herein all previous paragraphs of the Complaint.

26. The actions and/or omissions of the Defendants constituted reckless disregard for the safety and well- being of the Plaintiffs and give rise to a cause of action against Itawamba County under the Mississippi Tort Claims Act.

COUNT EIGHT: ASSAULT

27. Plaintiffs incorporate herein all previous paragraphs of the Complaint.

28. Defendants Dickinson and Defendants 1-10 committed intentional and unlawful assaults upon each of the Ewings.

COUNT NINE: FALSE ARREST AND IMPRISONMENT

29. Plaintiffs incorporate herein all previous paragraphs of the Complaint.

30. Defendants Dickinson and Defendants 1-10 falsely, unlawfully, maliciously and without probable cause arrested handcuffed and detained each of the Ewings. Defendants' actions were not objectively reasonable in nature, purpose, extent and duration.

COUNT TEN: INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiffs incorporate herein all previous paragraphs of the Complaint.

32. Defendants Dickinson and 1-10 willfully and intentionally acted in a manner intended to cause fright, humiliation and emotional distress by the Ewings. Alternatively, the said Defendants' actions were so grossly negligent and/or outrageous as to cause fright, humiliation and emotional distress by the Ewings and such result was reasonably foreseeable.

## VICARIOUS LIABILITY

33. Itawamba County and Dickinson are vicariously liable for the acts of their employees, agents and deputies under the doctrine of respondeat superior.

## REQUEST FOR RELIEF

Plaintiffs request the following relief:

That process be issued in accordance with law to the Defendants and that Plaintiffs be granted a jury trial and judgment from and against the Defendants as follows:

1. Reasonable compensatory damages from and against each of the Defendants individually, jointly, severally and/or vicariously, as appropriate;

2. Punitive damages from and against each of the individual Defendants jointly and severally;

3. Plaintiffs' costs of court, including reasonable attorney fees and expenses pursuant to 42 U.S.C. 1988 and state law;

4. Pre and Post judgment interest at the maximum lawful rate from the date of filing of this complaint until paid in full

5. General Relief.

RESPECTFULLY SUBMITTED, this the 9th day of February, 2017.

BRIDGFORTH & BUNTIN, PLLC
*Attorneys for Plaintiff*

s/Taylor Buntin
TAYLOR BUNTIN (MSB #7525)
5293 Getwell Rd.
Southaven, MS 38672
(662) 393-4450
taylor@bridgforthbuntin.com

PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY AS TO ALL COUNTS HEREIN.

s/Taylor Buntin
TAYLOR BUNTIN (MSB #7525)